**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>CREDA SOFTWARE, INC.,<br><br><div align="center">Debtor.</div><br>――――――――――――――<br>ALLEN PULSIFER,<br><div align="center">Plaintiff,</div><br>v.<br>GEORGE L. MILLER, CHAPTER 7 TRUSTEE, etc.,<br><div align="center">Defendant.</div> | Chapter 7<br>Case No. 20-10919 (KBO)<br><br>Adv. Pr. No. 21-51160 (KBO) |

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant George L. Miller, Chapter 7 Trustee ("Trustee"), through undersigned counsel, hereby files this Answer, Affirmative Defenses and Counterclaim.  Except as admitted, explained or otherwise herein answered, Trustee denies each and every allegation set forth in the First Amended Complaint filed by Allen C. Pulsifer (the "Amended Complaint"), and respectfully submits as follows:

**NATURE OF THE COMPLAINT**

1.      The Amended Complaint is a document that speaks for itself and any attempt by Plaintiff to characterize the Amended Complaint is denied.

**PARTIES**

2.      The Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 2 of the Amended Complaint, and therefore denies those allegations.

3.      Trustee admits the allegations in paragraph 3 of the Amended Complaint.

**JURISDICTION**

4.      Trustee admits the allegations in paragraph 55 of the Complaint in so far as this is an adversary proceeding related to the above captioned chapter 7 case pending in this court. The remainder of paragraph 4 states legal conclusions for which no response is required. To the extent a response is required, the Trustee denies all such allegations.

5.      Paragraph 5 states legal conclusions for which no response is required. To the extent a response is required, the Trustee denies all such allegations.

6.      Plaintiff's statement that he does not consent to an entry of final order does not require a response. Furthermore, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules, the Trustee consents to the Court's entry of a final judgment or order with respect to the Amended Complaint.

**BACKGROUND**

7.      Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 7 of the Amended Complaint, and therefore denies those allegations.

8.      Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 8 of the Amended Complaint, and therefore denies

those allegations.

9.        Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 9 of the Amended Complaint, and therefore denies those allegations.

10.       Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 10 of the Amended Complaint, and therefore denies those allegations.

11.       Trustee admits that Creda Software Inc. was incorporated with the Delaware Secretary of State on April 4, 2016.  Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 11 of the Amended Complaint, and therefore denies those allegations.

12.       Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 12 of the Amended Complaint, and therefore denies those allegations.

13.       Trustee admits that a Promissory Note and Note Purchase Agreement are docketed in Case No. 20-10919 at D.I. 21-2 and 21-3.   Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 13 of the Amended Complaint, and therefore denies those allegations.

14.       Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 14 of the Amended Complaint, and therefore denies those allegations.

15.       Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 15 of the Amended Complaint, and therefore denies

those allegations.

16.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 16 of the Amended Complaint, and therefore denies those allegations.

17.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 17 of the Amended Complaint, and therefore denies those allegations.

18.     Trustee admits that a document titled "Executive Agreement" is attached as Exhibit A to the Complaint filed in this adversary proceeding as D.I. 1.  The Executive Agreement is a document that speaks for itself and any characterization thereof by Plaintiff is denied.  Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 18 of the Amended Complaint, and therefore denies those allegations.

19.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 19 of the Amended Complaint, and therefore denies those allegations.

20.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 20 of the Amended Complaint, and therefore denies those allegations.

21.     Trustee admits that a document appears in Case No. 20-10919 at D.I. 21-1. Said document is a document that speaks for itself and any characterization by Plaintiff is denied.

22.     Trustee lacks knowledge or information sufficient to form a belief as to the

accuracy of the allegations in paragraph 22 of the Amended Complaint, and therefore denies those allegations.

23.     Trustee admits that there is a document attached as Exhibit B to the Complaint filed in this adversary proceeding at D.I. 1.  Said document is a document that speaks for itself and any characterization thereof by Plaintiff is denied.

24.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 24 of the Amended Complaint, and therefore denies those allegations.

25.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 25 of the Amended Complaint, and therefore denies those allegations.

26.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 26 of the Amended Complaint, and therefore denies those allegations.

27.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 27 of the Amended Complaint, and therefore denies those allegations.

28.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 28 of the Amended Complaint, and therefore denies those allegations.

29.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 29 of the Amended Complaint, and therefore denies those allegations.

30.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 30 of the Amended Complaint, and therefore denies those allegations.

31.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 31 of the Amended Complaint, and therefore denies those allegations.

32.     Trustee admits that on April 9, 2020, FinDyne filed the involuntary chapter 7 petition that commenced the main bankruptcy case for this complain

33.     t, In Re Creda Software, Inc., CaseNo. 20-10919, claiming an unpaid debt of $165,369.86 (Case No. 20-10919 D.I. 1).   Trustee denies the remaining allegations in paragraph 32 of the Amended Complaint.

34.     Trustee admits that on May 20, 2020, the Court entered an Order and Trustee was appointed.

35.     Trustee denies the allegations in paragraph 34 of the Amended Complaint.

36.     Trustee admits that Creda Software Inc. filed Schedules A-B and D-H on June 18, 2020 in Case No. 20-10919 at D.I. 43.  The Schedules are documents which speak for themselves and any attempt to characterize them by Plaintiff is denied.

37.     Trustee admits the allegations set forth in paragraph 36 of the Amended Complaint.

38.     Trustee admits that the 341 meetings are recorded.  Trustee denies the remaining allegations in paragraph 37 of the Amended Complaint.

39.     Trustee denies the allegations of paragraph 39 of the Amended Complaint.

40.     Trustee admits that documents were requested.

41.     Trustee admits that Pulsifer produced documents to the Trustee.   The documents produced speak for themselves and any characterization thereof by Plaintiff is denied.

42.     Trustee denies the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 43 of the Complaint, and therefore denies those allegations.

44.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 44 of the Complaint, and therefore denies those allegations.

45.     Trustee admits the allegations in paragraph 45 of the Complaint.

46.     Trustee admits that a Notice of Asset Case was filed on September 18, 2020 and a deadline to file certain proofs of claim was set for December 21, 2020.  Trustee admits that claims were filed and the claims are documents that speak for themselves and any characterization of them by Plaintiff is denied.

47.     Trustee admits that he filed a "motion for Rule 2004 Examination" of Plaintiff. (the "Motion").   The Motion is a document that speaks for itself and any characterization by Plaintiff is denied

48.     Trustee admits that an Order was entered in Case No. 20-10919 at D.I. 78. The Motion is a document that speaks for itself and any characterization by Plaintiff is denied

49.     Trustee admits that documents have been produced by Plaintiff.   Trustee denies the remaining allegations in paragraph 49 of the Amended Complaint.

50.     Trustee admits that settlement negotiations occurred.  Trustee denies the remaining allegations of paragraph 50 of the Amended Complaint.

51.     Trustee admits that settlement discussions ceased via an e-mail sent by counsel on June 3, 2021.  The e-mail dated June 3, 2021 is a document that speaks for itself and any characterization thereof by Plaintiff is denied by Trustee.

52.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 52 of the Complaint, and therefore denies those allegations.

53.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 53 of the Complaint, and therefore denies those allegations.

54.     Trustee denies that there were "any assertions or claims and treats of legal action against Pulsifer."  Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 54 of the Complaint, and therefore denies those allegations.

55.     Paragraph 55 states a legal conclusion for which no response is required.  To the extent a response is required, Trustee denies all such allegations.

56.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 56 of the Complaint, and therefore denies those allegations.

57.     Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 57 of the Complaint, and therefore denies those allegations.

58.    Trustee denies that there have been any "claims or threats of legal action." Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 58 of the Amended Complaint, and therefore denies those allegations.

59.    Trustee denies the allegations in paragraph 59 of the Amended Complaint.

60.    Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 60 of the Amended Complaint, and therefore denies those allegations.

61.    Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 61 of the Amended Complaint, and therefore denies those allegations.

62.    Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 62 of the Amended Complaint, and therefore denies those allegations.

63.    Trustee denies that any clams of the Trustee have no merit. Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 63 of the Amended Complaint, and therefore denies those allegations.

64.    Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 64 of the Amended Complaint, and therefore denies those allegations.

65.    Trustee lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 65 of the Amended Complaint, and therefore denies those allegations.

66.    Trustee denies the allegations in paragraph 66 of the Amended Complaint.

67.     Paragraph 67 states a legal conclusion for which no response is required.  To the extent a response is required, Trustee denies all such allegations.

68.     Paragraph 68 states a legal conclusion for which no response is required.  To the extent a response is required, Trustee denies all such allegations.

69.     Trustee denies the allegations in paragraph 69 of the Amended Complaint.

## CLAIMS FOR RELIEF

### Count I

70.     Trustee incorporates by reference all prior responses.

71.     Paragraph 71 contains legal conclusions for which no response is required. To the extent a response is required, Trustee denies all such allegations.

## GENERAL DENIAL

To the extent Trustee has not admitted, explained, or otherwise answered any allegation within the Amended Complaint, Trustee denies any and all such allegations.

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint, Trustee asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of the defenses denominated herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the allegations set forth in the counterclaim asserted

hereto.

## FOURTH  AFFIRMATIVE DEFENSE

The Amended Complaint may be barred by some or all of the affirmative defenses contemplated by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. The extent to which the Plaintiffs' claims may be barred cannot be determined until Trustee has had an opportunity to complete discovery and, therefore, to the extent not enumerated herein, Trustee incorporates all such affirmative defenses as if set forth fully herein.

## RESERVATION OF RIGHTS

Trustee reserves the right to revise, supplement, or amend his Answer and affirmative defenses, including reserving all defenses permitted under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, the Bankruptcy Code, and/or at law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

## PRAYER

Trustee respectfully denies that Plaintiff is entitled to any judgment or relief and respectfully requests that this Court enter an Order dismissing the Complaint with prejudice and granting such further relief as this Court finds appropriate.

## COUNTERCLAIM OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. §§ 544, 548 AND 550, AND DELAWARE CODE TITLE 6, § 1304 *et seq*., FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001, AND APPLICABLE LAW

George L. Miller, the chapter 7 trustee (the "Trustee") for the estate of Creda Software, Inc. ("Debtor"), by and through his undersigned counsel, Ciardi Ciardi & Astin, hereby counterclaims against Plaintiff Allen C. Pulsifer pursuant to 11 U.S.C. §§ 544, 548, and 6

Delaware Code §1304, *et seq*., Federal Rule of Bankruptcy Procedure 7001, and applicable law and in support hereof, avers:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

2.      The Trustee is presently serving in such capacity in the above-captioned case pursuant to 11 U.S.C. § 702(d).  The Trustee maintains offices at 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, PA  19103.

3.      Allen C. Pulsifer ("Plaintiff" or "Pulsifer") is an individual who, upon information and belief, resides in the State of Maryland.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §548(a)(1)(B)
## (Against Pulsifer)

4.      Upon information and belief, approximately one billion (1,000,000,000) units of cryptocurrency had been created on behalf of Debtor, of which at least nine hundred million (900,000,000) units had been transferred from the Debtor to Pulsifer (the "Transfer").

5.      Section 548 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a)(1) The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> >
> > (B) (i) received less than a reasonably equivalent value in

exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that debtor would incur; debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1).

6.      The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

7.      The Debtor was either (i) insolvent on the date the transfer of the Transfer occurred or (ii) became insolvent as a result of such transfer.

8.      Accordingly, the transfer of the Transfer was fraudulent, and the Trustee is entitled to avoid the transfer of the pursuant to 11 U.S.C. § 548.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFERS
## UNDER 11 U.S.C. § 544 AND 6 DEL. C. §1304
## (Against Pulsifer)

9.      The Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

10.     Section 544 of the Bankruptcy Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that

is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b) (1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502 (e) of this title.

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548 (d)(3)) that is not covered under section 548 (a)(1)(B), by reason of section 548 (a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

11.    Delaware Code Title 6, §1304, titled "Transfers fraudulent as to present and future creditors," provides, in pertinent part, as follows:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange

for the transfer or obligation, and the debtor:

      a.  Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

      b.  Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

6 Del. C. §1304.

12.    The Debtor did not receive a reasonably equivalent value in exchange for the Transfer or the Transfer was made with actual intent to hinder, delay or defraud any creditor of the Debtor.

13.    At the time of the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

**COUNT III**
**AVOIDANCE OF FRAUDULENT TRANSFERS**
**UNDER 11 U.S.C. § 544 AND 6 DEL. C. §1305**
**<u>(Against Pulsifer)</u>**

14.    Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

15.    Delaware Code Title 6, § 1305, titled "Transfers fraudulent as to present creditors," provides:

(a)  A transfer made or obligation incurred by a debtor is
     fraudulent as to a creditor whose claim arose before the
     transfer was made or the obligation was incurred if the debtor
     made the transfer or incurred the obligation without receiving
     a reasonably equivalent value in exchange for the transfer or
     obligation and the debtor was insolvent at that time or the
     debtor became insolvent as a result of the transfer or
     obligation.

(b)  A transfer made by a debtor is fraudulent as to a creditor
     whose claim arose before the transfer was made if the transfer
     was made to an insider for an antecedent debt, the debtor was
     insolvent at that time and the insider had reasonable cause to
     believe that the debtor was insolvent.

6 Del. C. § 1305.

16.     The Debtor transferred the Transfer without receiving a reasonably equivalent

value in exchange for their transfer.

17.     The Debtor was insolvent at the times the Transfer was made.

18.     The Debtor became insolvent as a result of the transfer of the Transfer.

## COUNT IV
## RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

### (Against Pulsifer)

19.     The Trustee repeats and realleges each of the allegations set forth in the

paragraphs above as if fully set forth herein.

20.     Section 550(a) of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section, to the extent that a transfer is
    avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title,
    the trustee may recover, for the benefit of the estate, the property transferred,
    or, if the court so orders, the value of such property, from—

    (1) the initial transferee of such transfer or the entity for whose benefit
        such transfer was made; or

    (2)  any immediate or mediate transferee of such initial transferee.

21.     Puksifer is either (i) the initial transferee of the Transfer or the entity for whose benefit the transfer of the Transfer was made; or (ii) an immediate or mediate transferee of such initial transferee.

22.     To the extent that the transfer of the Transfer is avoided under section 548 of the Bankruptcy Code, the Trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property pursuant to section 550 of the Bankruptcy Code.

23.     The transfer of the Transfer should be avoided.

<div align="center">

**COUNT V**
**RECOVERY OF AVOIDED TRANSFERS UNDER**
**6 DEL C. §1307**

**(Against Pulsifer)**

</div>

24.     Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

25.     Title 6 of Delaware Code, § 1307, titled "Remedies of creditors," provides:

> (a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in § 1308 of this title, may obtain:

> (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; …

6 Del. C. §1307.

26.     To the extent that the transfer of the Transfers is avoided under 6 Del. C. § 1304, et seq., the Trustee may recover, for the benefit of the estate, the property transferred or the value of such property pursuant to 6 Del. C. § 1304, et seq.,

27.     The transfer of the Transfers should be avoided.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

### (Against Pulsifer)

28.    Trustee repeats and realleges each of the allegations set forth in the paragraphs above as if fully set forth herein.

29.    At all times relevant to the allegations contained in this Complaint, Pulsifer managed the Debtor, controlled and operated the Debtor, and, by extension, owed fiduciary obligations to the Debtor.

30.    Specifically, Pulsifer owed the Debtor a duty of loyalty, thereby obligating Pulsifer to put the interests of the Debtor first, ahead of Pulsifer's self-interest, and to refrain from exploiting the relationship for Pulsifer's personal benefit.

31.    Additionally, Pulsifer owed the Debtor a duty of care, thereby obligating Pulsifer to carry out its responsibilities in an informed and considered manner and to act as an ordinary prudent person would act in the management of his or her own affairs.

32.    Pulsifer breached his fiduciary obligations to the Debtor by, *inter alia*, causing the Debtor to transfer the Transfer.

86.    As a direct and proximate result of Pulsifer' breaches of his fiduciary obligations to the Debtor, the Debtor has suffered damages.

87.    Pulsifer's breaches of his fiduciary obligations to the Debtor were in bad faith, abusive, in reckless disregard of the Debtor's rights and/or intentionally done by Pulsifer for his own financial gain.

WHEREFORE, the Trustee requests the entry of an order granting the following relief with respect to the above-referenced counts:

a)    voiding the transfer of the Transfer;

b)      awarding damages in an amount not less than the value of the Transfer;

c)      awarding punitive damages;

d)      awarding attorney's fees and costs incurred in this suit; and

e)      such other and further relief as this Court may deem necessary and proper.

Dated: December 20, 2021
Wilmington, Delaware                             CIARDI CIARDI & ASTIN

                                                 */s/ Daniel K. Astin*
                                                 Daniel K. Astin (No. 4068)
                                                 1204 N. King Street
                                                 Wilmington, Delaware 19801
                                                 (302) 658-1100 telephone
                                                 (302) 658-1300 facsimile
                                                 dastin@ciardilaw.com

                                                 -and

                                                 Albert A. Ciardi, Esq.
                                                 Walter W. Gouldsbury III, Esq.
                                                 1905 Spruce Street
                                                 Philadelphia, PA 19103
                                                 (215) 557-3550 telephone
                                                 (215) 557-3551 facsimile
                                                 aciardi@ciardilaw.com
                                                 wgouldsbury@ciardilaw.com

                                                 *Counsel for George L. Miller, Chapter 7
                                                 Trustee*